IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DENNIS W. GERRON and | § | |
| ALLISON R. GERRON, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | No.: 3:18-cv-00968-M-BN |
| | § | |
| U.S. BANK NATIONAL | § | |
| ASSOCIATION, AS TRUSTEE, | § | |
| SUCCESSOR IN INTEREST TO BANK | § | |
| OF AMERICA NATIONAL | § | |
| ASSOCIATION, AS TRUSTEE, | § | |
| SUCCESSOR BY MERGER TO | § | |
| LASALLE BANK NATIONAL | § | |
| ASSOCIATION, AS TRUSTEE FOR | § | |
| STRUCTURED ASSET INVESTMENT | § | |
| LOAN TRUST MORTGAGE PASS- | § | |
| THROUGH CERTIFICATES, SERIES | § | |
| 2003-BC10, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge

for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference

from Chief Judge Barbara M. G. Lynn. *See* Dkt. No. 4.

Defendant U.S. Bank National Association, as Trustee, successor in interest to

Bank of America National Association, as Trustee for Structured Asset Investment

Loan Trust Mortgage Pass-Through Certificates, Series 2003-BC10, has filed a motion

for summary judgment in this case. Dkt. Nos. 15-17. U.S. Bank argues in its motion

that Plaintiffs Dennis and Allison Gerron's challenge to the validity of the foreclosure order at issue in this case has been rendered moot by the fact that the foreclosure order was vacated in state court shortly after the Gerrons filed this action. U.S. Bank also argues that, based on the undisputed facts in this case, the Gerrons' claims against U.S. Bank under the Texas Finance Code and the Texas Deceptive Trade Practices Act must fail as a matter of law.

The Gerrons do not dispute that the foreclosure order at issue in this case has been vacated nor do they set forth any appropriate summary judgment evidence to refute the evidence of material facts that U.S. Bank provides in support of summary judgment on the Gerrons' Texas Finance Code and Deceptive Trade Practices Act claims.

For the reasons explained below, the undersigned recommends that the Court grant U.S. Bank's motion for summary judgment.

## Background

In June 2003, Dennis W. Gerron obtained a mortgage loan from BNC Mortgage, Inc., which was secured by a deed of trust encumbering the real property known as 11311 Lippitt Avenue, Dallas TX 75218 ("the Property"). Dkt. No. 16 at 8. Plaintiff Allison Gerron is a co-grantee under the deed of trust. *See id.* At some point thereafter, U.S. Bank came to be the beneficiary of record under the deed of trust. *See id.*

In February 2009, the Gerrons entered into a loan modification agreement to restructure the repayment terms of their original mortgage loan. *See id.* And, in September 2016, the Gerrons entered into a second loan modification agreement. *See*

-2-

Dkt. No. 16 at 9. Despite the 2009 and 2016 loan modifications, Dennis Gerron defaulted on his mortgage loan in January 2017. *Id.* A notice of default was sent to Dennis Gerron on February 24, 2017. *See id.*

On September 12, 2017, U.S. Bank filed an application for an expedited foreclosure order under Rule 736 of the Texas Rules of Civil Procedure against the Gerrons in the 162nd Judicial District Court of Dallas County, Texas. *See id.* The 162nd Judicial District Court held a hearing and entered a foreclosure order on February 23, 2018. *See id.*

On April 2, 2018, the Gerrons, through counsel, filed this action against U.S. Bank in the 162nd Judicial District Court. *See id.* The Gerrons original petition attacks the February 23 foreclosure order on the grounds that they did not receive proper notice for the February 23 hearing and, as a result, were unable to attend and defend against the foreclosure action. *See* Dkt. No. 1-1 at 12-14. The Gerrons also challenge the affidavit that U.S. Bank used in support of the foreclosure order. *See id.* at 14-20. In addition, the Gerrons' original petition claims that U.S. Bank violated the Texas Finance Code and the Deceptive Trade Practices Act, but the petition does not elaborate on the basis for those claims. *See id.* at 20-22. As authorized by Rule 736, the Gerrons also filed a motion to vacate the foreclosure order based on the pending action filed against U.S. Bank. *See* Dkt. No. 16 at 9.

U.S. Bank filed its answer on April 16, 2018, and, on April 17, 2017, it removed this action to federal court. *See id.* On April 18, 2018, the 162nd Judicial District Court

entered an order vacating the Rule 736 foreclosure order. *See* Dkt. No. 16 at 9.

On May 22, 2018, the undersigned entered a pretrial scheduling order for this case. Dkt. No. 9. That order set a discovery deadline of February 4, 2019 [*see id.* at 3] and also set a dispositive motions deadline of May 3, 2019 [*see id.* at 6]. On November 1, 2018, counsel for the Gerrons withdrew from this case, and the Gerrons have proceeded *pro se* ever since. *See* Dkt. No. 14. On May 3, 2019, U.S. Bank filed its motion for summary judgement. *See* Dkt. Nos. 15-17.

## Legal Standard

Under Federal Rule of Civil Procedure 56, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual "issue is material if its resolution could affect the outcome of the action." *Weeks Marine, Inc. v. Fireman's Fund Ins. Co.*, 340 F.3d 233, 235 (5th Cir. 2003). "A factual dispute is 'genuine,' if the evidence is such that a reasonable [trier of fact] could return a verdict for the nonmoving party." *Crowe v. Henry*, 115 F.3d 294, 296 (5th Cir. 1997).

If the moving party seeks summary judgment as to his opponent's claims or defenses, "[t]he moving party bears the initial burden of identifying those portions of the pleadings and discovery in the record that it believes demonstrate the absence of a genuine issue of material fact, but is not required to negate elements of the nonmoving party's case." *Lynch Props., Inc. v. Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir. 1998). "Once the moving party meets this burden, the nonmoving party must set

forth" – and submit evidence of "specific facts showing a genuine issue for trial and not rest upon the allegations or denials contained in its pleadings." *Id*.; *Little v. Liquid Air Corp*., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

The Court is required to view all facts and draw all reasonable inferences in the light most favorable to the nonmoving party and resolve all disputed factual controversies in favor of the nonmoving party – but only if both parties have introduced evidence showing that an actual controversy exists. *See Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 255 (1986); *Boudreaux v. Swift Transp. Co., Inc*., 402 F.3d 536, 540 (5th Cir. 2005); *Lynch Props*., 140 F.3d at 625. "Unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment," *Brown v. City of Houston*, 337 F.3d 539, 541 (5th Cir. 2003), and neither will "only a scintilla of evidence" meet the nonmovant's burden, *Little*, 37 F.3d at 1075. Rather, the non-moving party must "set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Morris v. Covan World Wide Moving, Inc*., 144 F.3d 377, 380 (5th Cir. 1998). If, "after the nonmovant has been given an opportunity to raise a genuine factual issue," "the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, then there is no genuine issue for trial." *DIRECTV, Inc. v. Minor*, 420 F.3d 546, 549 (5th Cir. 2005); *Steadman v. Texas Rangers*, 179 F.3d 360, 366 (5th Cir. 1999). The Court will not assume "in the absence of any proof ... that the nonmoving party could or would prove the necessary facts" and will grant summary judgment "in

any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." *Little*, 37 F.3d at 1075. "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment," and "[a] failure on the part of the nonmoving party to offer proof concerning an essential element of its case necessarily renders all other facts immaterial and mandates a finding that no genuine issue of fact exists." *Adams v. Travelers Indent. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006) (internal quotation marks omitted).

## Analysis

I.    Summary Judgment Should Be Granted for U.S. Bank on Plaintiffs' Claim for Declaratory Judgment Because that Claim Became Moot when the Foreclosure Order was Vacated in the 162nd Judicial District

Under the Texas Rule of Civil Procedure 736, a foreclosure proceeding is "'automatically stayed' when 'a respondent files a separate, original proceeding in a court of competent jurisdiction that puts in issue any matter related to the origination, servicing or enforcement of the loan agreement, contract, or lien sought to be foreclosed prior to 5:00 p.m. on the Monday before the scheduled foreclosure sale' . . . Rule 736.11 further provides [that] . . . '[i]f [a foreclosure] order has been signed, the court must vacate'" the order. *Coe v. Ditech Financial LLC,* No. 3:18-cv-1761-L, 2018 WL 4963289, *2-3 (N.D. Tex. Aug. 24, 2018) (quoting TEX. R. CIV. P. 736.11); *see also Boren v. U.S. Nat'l Bank Ass'n*, 807 F.3d 99, 102 (5th Cir. 2015) (outlining the automatic dismissal procedures triggered under Rule 736.11 once a separate action is filed by respondents in a foreclosure proceeding).

The plain language of Rule 736.11(c) creates a mandatory duty to dismiss a pending Rule 736 proceeding or vacate a Rule 736 order if the respondent timely files a Rule 736.11(a) independent action and the Rule 736.11(c) motion to vacate. *See In re Priester,* Cause No. 05-16-00965, 2016 WL 7010583, *3 (Tex. App. – Dallas Nov. 21, 2016); *see, e.g.*, *In re Dominguez,* 416 S.W.3d. 700, 704 (Tex. App. – El Paso 2013, orig. proceeding) (holding that "the statutory language concerning automating abatement and dismissal is mandatory" and the "court is required to dismiss an abated Rule 736 proceeding and is without discretion to act otherwise").

U.S. Bank correctly points out that once the Rule 736 order has been vacated, any claim for declaratory judgment based on the Rule 736 proceeding is rendered moot. For example, the court in *Medcalf v. Ocwen Loan Servicing LLC,* found that the plaintiffs' claim for declaratory relief from a Rule 736 order was moot because the filing of their independent action operated to dispose the Rule 736 order. Civ. No. A-14-CA-096-SS, 2014 WL 2722325, *3 (W.D. Tex. June 16, 2014). Similarly, the plaintiffs in *Powe v. Deutsch Bank Nat'l Tr. Co.,* filed a declaratory judgment action seeking to declare the Rule 736 order void. 2016 WL 4054913, *5 (E.D. Tex. July 29, 2016). There, the court also found that "claims based on the filing of the Rule 736 Proceeding [were] moot . . . because Rule 736.11 obligates the state court to vacate the order of foreclosure when a lawsuit challenging to foreclosure is filed." *Id.*

Here, the undersigned notes that the parties do not dispute that the foreclosure order in the Rule 736 proceeding has been vacated. Any possibility that the Gerrons

would suffer injury from any purported deficiencies in an affidavit or potential lack of due process in connection with the Rule 736 proceeding was eliminated when the foreclosure order in that case was vacated. *See Daniel R.R. v. State Board of Educ.,* 874 F.2d 1036, 1040 (5th Cir. 1989) (stating injury must remain capable of repetition to survive a mootness challenge). Going forward, if U.S. Bank wishes to foreclose on the Property, it will have to file a new Rule 736 action, which must be supported by a new affidavit, and that proceeding will have to include notice, an opportunity for Gerrons to answer, and a hearing on the matter.

The undersigned therefore concludes that the Gerrons' claim that they did not receive proper notice for the February 23 hearing is moot. So too is the Gerrons' claim that the affidavit used in support of foreclosure was defective. There is no dispute that the February 23 foreclosure order has been vacated, and thus any claims to challenge that order are moot.

II.   **U.S. Bank is Entitled to Summary Judgment on Plaintiffs' Claim for Violation of the Texas Finance Code**

The Texas Debt Collection Practices Act, Tex. Fin. Code §§ 392.301-304 prohibits attempts to collect debts by taking action or threatening to take action that is prohibited by law. The Gerrons claim that Defendant has attempted to collect a debt through fraudulent, deceptive, or misleading representations in violation of the Texas Finance Code by misrepresenting the character, extent, or amount of consumer debt and by using false representation or deceptive means to collect a debt. *See See* Dkt. No. 1-1 at ¶¶ 10.2-10.3. The Gerrons fail to provide any support for their claim that U.S.

Bank engaged in any practices that violate the Texas Finance Code.

In U.S. Bank's summary judgment motion, it points to the declaration of Benjamin Verdooren of Ocwen Loan Servicing, in which he which provides that the Gerrons were in default on their loan and behind on their payments for a total of $34,603.49. *See* Dkt. No. 17-1. at 5. U.S. Bank also points to a Texas Home Equity Security Instrument, which provides that "it is the express intention of the Lender and Borrower that Lender shall have fully enforceable lien on the Property" and that "Lender's default remedies shall include the most expeditious means of foreclosure available by law." *See id.* at 39.

In the Gerrons' response they reassert their claim that U.S. Bank violated the Texas Finance Code "by virtue of not honoring written statements, lack of transparency in records, and other violations," but the Gerrons offer no evidence to dispute the evidence presented by U.S. Bank that clearly shows it was lawfully entitled to pursue foreclosure under Rule 736. *See* Dkt. No. 21-1 at 18. The Gerrons claim that fees of "[a]bout $5000" were added to their balance before the February 23, 2017 hearing, but the Gerrons do not identify where those fees were added or why the addition of the fees was improper under the Texas Finance Code. *See id.*

Instead, in the Gerrons' response, they cite claims that were made in unrelated lawsuits filed against U.S. Bank and their foreclosure counsel to support their claim that U.S. Bank violated the Texas Finance Code when it pursued foreclosure in the matter at hand. As U.S. Bank points out in its reply, claims made by other parties in unrelated proceedings are not appropriate summary judgment evidence.

III.   U.S. Bank is Entitled to Summary Judgment on Plaintiffs' Claim for Violation of the Texas Deceptive Trade Practices Act

U.S. Bank also argues that it is entitled to summary judgment on the Gerrons' claim for violation of the Texas Deceptive Trade Practices Act ("DTPA"). U.S. Bank explains that the Gerrons DTPA claim fails because it is predicated on their faulty DCPA claim. More fundamentally, U.S. Bank argues that the Gerrons lack standing to bring a DTPA claim because they are not "consumers" within the meaning of the statute.

"Generally, a person cannot qualify as a consumer if the underlying transaction is a pure loan because money is considered neither a good nor a service." *Fix v. Flagstar Bank, FSB*, 242 S.W. 3d 147, 160 (Tex. App. – Fort Worth 2007, pet denied). Furthermore, "subsequent actions related to mortgage accounts – for example, extensions of further credit or modifications of the original loan – do not satisfy the 'good or services' element of the DTPA." *Broyles v. Chase Home Fin.*, No. 3:10-cv-2256-G, 2011 WL 1428904, *4 (N.D. Tex. Apr. 13, 2011).

Here, U.S. Bank is the note holder and responsible for a loan modification that occurred in 2016. There are no allegations or evidence that the Gerrons sought to acquire or acquired, by lease or purchase, goods or services that form the basis of their DTPA claim. The Gerrons' DTPA claim arises solely from their efforts to modify a mortgage loan and to prevent U.S. Bank from foreclosure. Because the Gerrons did not purchase or lease a good or service from U.S. Bank, they do not have standing to bring a viable DTPA claim against U.S. Bank. *See Miller v. BAC Home Loans Serv'g, L.P.*,

726 F.3d 717, 725 (5th Cir. 2013); *Tolliver v. Bank of N.Y. Mellon as Trustee for Certificate Holders of CWABS Inc., Asset Backed Certificates, Series 2007-3*, No. 4:18-cv-00977-O-BP, 2019 WL 3937341, at \*14 (N.D. Tex. Aug. 5, 2019).

## Recommendation

For the reasons explained above, U.S. Bank's motion for summary judgment should be granted, and the Gerrons' claims should be dismissed with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 4, 2019

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE